**DANIEL S. SIMON, ESQ.**
Nevada Bar No. 4750
**BENJAMIN J. MILLER, ESQ.**
Nevada Bar No. 10406
**ASHLEY M. FERREL, ESQ.**
Nevada Bar No. 12207
**SIMON LAW**
810 South Casino Center Boulevard
Las Vegas, Nevada 89101
Telephone (702) 364-1650
Facsimile (702) 364-1655
lawyers@simonlawlv.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN IOVINO; and<br>TOPNOTCH SERVICES, INC.<br><br>   Plaintiffs,<br><br>vs.<br><br>AM TRUST FINANCIAL SERVICES, INC.;<br>SECURITY NATIONAL INSURANCE<br>COMPANY DOES I through V and ROE<br>CORPORATIONS VI through X,   inclusive,<br><br>   Defendants. | CASE NO.: 2:22-cv-01974-APG-VCF |

## AMENDED COMPLAINT

COMES NOW Plaintiffs CARMEN IOVINO and TOP NOTCH SERVICES, INC., by and through their attorney, DANIEL S. SIMON, ESQ., of SIMON LAW, for causes of action against Defendants, alleges as follows:

1. Upon information and belief, at all times relevant to this action, Plaintiff CARMEN IOVINO was and now is a resident of the County of Clark, State of Nevada.

2. Upon information and belief, at all times relevant to this action, Plaintiff TOPNOTCH SERVICES, INC. was, and now is, a corporation, duly licensed to do business in the State of Nevada.

3. Upon information and belief, at all times relevant to this action, Defendant AM TRUST FINANCIAL SERVICES, INC., was, and now is, a corporation, duly licensed to do business in the State of Nevada.

4. Upon information and belief, at all times relevant to this action, Defendant SECURITY NATIONAL INSURANCE COMPANY, was, and now is, a corporation, duly licensed to do business in the State of Nevada.

5. That the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I through V and ROE CORPORATIONS VI through X are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE/ROE is negligently, intentionally, and/or contractually responsible in some manner for the events and happenings herein referred to and negligently, intentionally, and/or recklessly caused injury and/or damages proximately thereby to the Plaintiffs as herein alleged; that at all times mentioned herein each of the Defendants were the agent, employee, Lawyer, Law Firm, third party administrator, servant or corporate employer of the other and was acting within the scope and purpose of said agency, employment, service or corporate activity; that Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants DOES I through V and ROE CORPORATIONS VI through X when have been ascertained by Plaintiffs, together with appropriate charging allegations, and to join such Defendants in this action.

6. That on or about December 27, 2016, in Clark County, Nevada, Plaintiff CARMEN IOVINO was operating a truck in the course and scope of his employment with his company Plaintiff TOPNOTCH SERVICES, INC., traveling westbound on Horizon Ridge Parkway, when an unknown driver crossed over the lanes and violently struck Plaintiff's vehicle, resulting in serious and disabling injuries to Plaintiff CARMEN IOVINO.

7. That at such time and place, the other unknown driver so negligently, owned, maintained, controlled, entrusted, operated and drove said motor vehicle along and upon said roadways in Clark County, Nevada, as to proximately cause a collision with Plaintiff's vehicle.

8. As a direct and proximate result of the negligent conduct of the other driver, the Plaintiff CARMEN IOVINO was rendered sick and lame and received injuries to his body; shock to his nervous system and great pain, suffering and anxiety; that further Plaintiff was prevented in part from attending to his usual activities and will be prevented, in part, from attending to his usual

1 | activities in the future; and that, further, said injuries have permanently and partially disabled said Plaintiff.

9. As a direct and proximate result of the negligent conduct of the other driver, Plaintiff CARMEN IOVINO was required to seek medical care and to undergo medical treatment and care, including, but not limited to, treatment by physicians and the taking of medication; that the total cost of said medical treatment to date is in excess of $228,000.00.

10. As a direct and proximate result of the negligent conduct of the other driver, Plaintiff, CARMEN IOVINO, sustained extensive orthopedic injuries and underwent multiple surgeries and suffered great pain, suffering, anxiety, disfigurement and loss of enjoyment of life and was determined to have a whole person impairment of 35%.

11. As a direct and proximate result of the negligent conduct of the other driver, Plaintiff CARMEN IOVINO will in the future be required to expend sums for medical care and treatment for such injuries.

12. As a direct and proximate result of the negligent conduct of the other driver, Plaintiff CARMEN IOVINO has suffered great physical and mental pain, suffering, disfigurement, loss of enjoyment of life, anxiety, loss of household services in excess of $1,431,246.00 and will continue to do so in the future.

13. That Defendant AM TRUST FINANCIAL SERVICES, INC. is the parent company of Defendant SECURITY NATIONAL INSURANCE COMPANY and are likely the ones that create and implement the claims handling policies and procedures and dictate how to evaluate claims, including Plaintiffs' claims.

14. That on or about December 27, 2016, Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY were the insurance carriers of Plaintiff CARMEN IOVINO's company, TOPNOTCH SERVICES, INC. and CARMEN IOVINO, and that said insurance carriers provided a policy containing a provision for Uninsured Motorist Coverage for CARMEN IOVINO, who was cover under the policy, in the amount of $1,000,000. Plaintiffs paid valuable consideration for the policy of insurance.

15. That Plaintiff CARMEN IOVINO had a personal insurance policy with non-party

American National Insurance Company containing a provision for Uninsured Motorist Coverage in the amount of $100,000, that was excess to Defendants' policy.

16. That on May 15, 2019, Plaintiff CARMEN IOVINO sent a Demand to non-party American National Insurance Company for policy limits and on June 4, 2019, non-party American National Insurance Company acknowledged receipt of the demand and advised that AM TRUST FINANCIAL SERVICES, INC. was the primary insurance and Plaintiff's claim did not exceed Defendants' policy.

17. That on June 6, 2019, Plaintiff CARMEN IOVINO, sent a demand to Defendant AM TRUST FINANCIAL SERVICES, INC. for policy limits.

18. That on July 8, 2019, Defendant AM TRUST FINANCIAL SERVICES, INC. responded and paid $475,000.00 as partial payment of the policy.

19. That on March 24, 2022, Plaintiff CARMEN IOVINO sent a supplemental demand with additional records and reports for damages to Plaintiff CARMEN IOVINO in excess of $1,659,876.10 to $2,442,355.10 to Defendant AM TRUST FINANCIAL SERVICES, INC. and non-party American National Insurance Company, again demanding policy limits to both as due under the policies.

20. That on April 29, 2022, Plaintiffs' counsel requested a response to their demand from Defendant AM TRUST FINANCIAL SERVICES, INC.

21. That on May 3, 2022, the excess carrier and non-party American National Insurance Company reevaluated Plaintiff CARMEN IOVINO's claim and tendered the $100,000 policy limits.

22. Defendant AM TRUST FINANCIAL SERVICES, INC. did not respond to Plaintiff CARMEN IOVINO's demand or request any additional information.

23. That on August 25, 2022, Plaintiff CARMEN IOVINO sent another demand for remaining policy limits to Defendant AM TRUST FINANCIAL SERVICES, INC.

24. Defendant AM TRUST FINANCIAL SERVICES, INC. did not respond to Plaintiff CARMEN IOVINO's demand or request any additional information.

25. That the parties agreed to attend a mediation on September 1, 2022.

26. That during the mediation on September 1, 2022, Defendant AM TRUST FINANCIAL

1 | SERVICES, INC. offered $25,000.00.

2 | 27.   That on September 23, 2022, without explanation, Defendant AM TRUST FINANCIAL SERVICES, INC. offered $50,000.00 in an effort to resolve the claim.

28.   That on September 26, 2022, Plaintiff's counsel requested the basis for the determination of the additional $50,000.00 offer, but did not receive a response.

29.   That the amount of the injury and value of the claim exceeds the sum of $1.1 million dollars.

30.   Defendants have no legitimate dispute that the value of this claim exceeds the policy limits.

31.   The Plaintiffs' injuries and damages are significant and not legitimately in dispute.

32.   The Defendants made intentional decisions to ignore the true value of the claim by attempting to pay only half of the policy limit due under the contract of insurance.

33.   The Defendants placed their interests above that of Plaintiff CARMEN IOVINO's solely for profit.

34.   Defendants made false promises to mediate the claim in good faith with a private mediator. Plaintiffs detrimentally relied on these false representations, resulting in further delay of resolution of the claim, causing damages.

35.   Plaintiffs are now forced to commence the filing of a lawsuit to recover benefits due under the policy, which has been requested many times and rejected.

36.   Plaintiffs have complied with all reasonable requests of the Defendants.

37.   Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY were provided all of the information necessary to make a good faith determination to pay the benefits due under the terms of the insurance contract, but continue to refuse to do so.

38.   That the Plaintiffs have been required to obtain the services of an attorney in order to prosecute this action and are entitled to recover reasonable attorney's fees, interest and costs of suit.

//
//

## FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

39. Plaintiffs repeat and reallege all preceding paragraphs as though fully set forth herein.

40. That on or about December 27, 2016, Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY were the insurance carriers of Plaintiff CARMEN IOVINO's company, TOPNOTCH SERVICES, INC. and CARMEN IOVINO, and that said insurance carriers provided a policy containing a provision for Uninsured Motorist Coverage for CARMEN IOVINO, who was a covered insured under the policy. Plaintiffs paid valuable consideration for the policy of insurance.

41. That on or about December 27, 2016, CARMEN IOVINO suffered injuries from this motor vehicle accident, which required medical care and treatment, in excess of $228,000.00.

42. That Plaintiff, CARMEN IOVINO, sustained extensive orthopedic injuries and underwent multiple surgeries and suffered great pain, suffering, anxiety, disfigurement and loss of enjoyment of life and was determined to have a whole person impairment of 35%.

43. Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY were provided all of the information necessary to make a good faith determination to pay the benefits due under the terms of the insurance contract on June 6, 2019, May 24, 2022 and again on August 25, 2022.

44. That Plaintiffs have demanded from Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY compensation due under the applicable provisions contained in said policy of insurance to which compliance has not been made and therefore said Defendants are in breach of contract with the Plaintiffs. There is no good faith arguable reason for Defendants' refusal to pay reasonable benefits due under the policy.

45. That as a direct and proximate result of the breach of contract by Defendants, Plaintiffs have been damaged in an amount to be determined at trial.

46. The acts of Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY were malicious, oppressive, fraudulent and done with a conscious and deliberate and/or reckless disregard of the rights of Plaintiffs, who are entitled to

recover punitive damages to be determined at the time of trial.

47. That as a direct and proximate result of the breach of contract by Defendants, Plaintiffs have been required to obtain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees, interest, plus costs of suit.

### SECOND CAUSE OF ACTION
### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AND BAD FAITH)

48. Plaintiffs repeat and reallege all preceding paragraphs as though fully set forth herein.

49. That Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY have refused to offer and pay a reasonable sum of money for the damages suffered by Plaintiffs and have no legitimate or arguable reason for refusing to pay the reasonable sum of Plaintiffs' valid claims.

50. That issuance by Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY, of the policy of insurance to CARMEN IOVINO's employer, TOPNOTCH SERVICES, INC. and CARMEN IOVINO as a covered insured, created a contractual relationship between Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY and Plaintiffs. Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY therefore were subject to the implied in law duty to act fairly and in good faith in order not to deprive Plaintiffs of the benefits of said policy.

51. That Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY's intentional refusal to pay Plaintiffs' valid claims was a breach of the implied duty and good faith and fair dealing and operated to unreasonably deprive Plaintiffs of the benefits due under the policy.

52. That as a proximate result of the Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have been damaged and continue to be damaged in a sum to be determined at the time of trial.

53. The acts of Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY were malicious, oppressive, fraudulent and done with a

conscious and deliberate and/or reckless disregard of the rights of Plaintiffs, who are entitled to recover punitive damages to be determined at the time of trial.

54. That as a direct and proximate result of the breach of contract and the breach of the implied covenant of good faith and fair dealing by Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY, Plaintiffs have been required to obtain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees, interest, plus costs of suit.

### THIRD CAUSE OF ACTION
### (VIOLATION OF UNFAIR TRADE PRACTICES)

55. Plaintiffs repeat and reallege all preceding paragraphs as though fully set forth herein.

56. That at all relevant times there were in force and effect certain statutes and regulations of the State of Nevada, including but not limited to Chapter 686A of the Nevada Revised Statutes, which among other duties required Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY to:

(1) Acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

(2) Adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies;

(3) Affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured;

(4) Effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear;

(5) Refrain from compelling the insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insured, when the insured has made claims for amounts reasonably similar to the amounts ultimately recovered;

(6) Refrain from attempting to settle a claim by an insured for less than the amount

to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application;

      (7) Promptly provide to insured a reasonable explanation of the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of his claim or for an offer to settle or compromise his claim.

57. Plaintiffs sent a supplemental demand with additional records and reports for damages to Plaintiff CARMEN IOVINO in excess of $1,659,876.10 to $2,442,355.10 to Defendants on March 24, 2022 and again on August 25, 2022. Defendants did not provide a response to Plaintiffs' supplemental demand; did not provide an explanation of refusal to provide benefits due under the policy; did not request additional information from the Plaintiffs to further evaluate the demand and forced Plaintiffs to file a lawsuit, which conduct violates the above provisions of chapter 686A of the Nevada Revised Statutes.

58. Pursuant to NRS 686A.310(2), Plaintiffs, CARMEN IOVINO and TOPNOTCH SERVICES, INC., have a claim for damages for each such violation by Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY.

59. That as a proximate result of the Defendants' violation of Unfair Trade Practices, Plaintiffs have been damaged and continue to be damaged in a sum to be determined at the time of trial.

60. The acts of Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY were malicious, oppressive, fraudulent and done with a conscious and deliberate and/or reckless disregard of the rights of Plaintiffs, who are entitled to recover punitive damages to be determined at the time of trial.

61. That as a direct and proximate result of Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY's violation of Unfair Trade Practices, Plaintiffs have been required to obtain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees, interest, plus costs of suit.

//
//

## FOURTH CAUSE OF ACTION
## (CONSTRUCTIVE TRUST AND UNJUST ENRICHMENT)

62. Plaintiffs repeat and reallege all preceding paragraphs as though fully set forth herein.

63. That issuance by Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY, of the policy of insurance to Plaintiff CARMEN IOVINO's employer, TOPNOTCH SERVICES, INC. and Plaintiff CARMEN IOVINO as a covered insured, created a contractual fiduciary relationship between Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY, and Plaintiffs CARMEN IOVINO and TOPNOTCH SERVICES, INC. Therefore, a confidential relationship exists between the parties.

64. That Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY, continues to retain legal title of the remaining proceeds due and owing to Plaintiff CARMEN IOVINO pursuant to the policy, which is inequitable and will unjustly enrich Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY.

65. That such trust between Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY, and Plaintiffs CARMEN IOVINO and TOPNOTCH SERVICES, INC. is essential to the effectuation of justice.

66. That as a direct and proximate result of Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY's unlawful retention of remaining funds due to Plaintiff CARMEN IOVINO pursuant to the policy, Plaintiffs have been damaged and continue to be damaged in a sum to be determined at the time of trial.

67. The acts of Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY were malicious, oppressive, fraudulent and done with a conscious and deliberate and/or reckless disregard of the rights of Plaintiffs, who are entitled to recover punitive damages in a sum to be determined at the time of trial.

68. That as a direct and proximate result of Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY's unlawful retention of

the remaining funds due to Plaintiffs pursuant to the policy, Plaintiffs have been required to obtain the services of an attorney to prosecute this action and are entitled to reasonable attorney's fees, interest, plus costs of suit.

### FIFTH CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY)

69. Plaintiffs repeat and reallege all preceding paragraphs as though fully set forth herein.

70. That on or about December 27, 2016, Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY were the insurance carriers of Plaintiff CARMEN IOVINO's employer, TOPNOTCH SERVICES, INC., that said insurance carriers provided a policy containing a provision for Uninsured Motorist Coverage for CARMEN IOVINO, who was a covered insured under the policy. This created a special fiduciary relationship involving one of upmost trust so that the insurers would never put their interests above their insureds, including, CARMEN IOVINO.

71. As a result, Defendants owed a fiduciary duty to Plaintiffs. This position of trust required Defendants to exercise the utmost good faith in its relationship with Plaintiffs.

72. The Defendants breached their fiduciary duty to Plaintiffs by refusing to properly evaluate and tender the benefits due to Plaintiff CARMEN IOVINO pursuant to the policy.

73. Defendants' refusal to pay the benefits were done for the financial gain to benefit Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY, and to deprive Plaintiffs of the benefits due under the policy.

74. That as a direct and proximate result of Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY, Plaintiffs have been damaged and continue to be damaged in a sum to be determined at the time of trial.

75. The acts of Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY were malicious, oppressive, fraudulent and done with a conscious and deliberate and/or reckless disregard of the rights of Plaintiffs, who are entitled to recover punitive damages to be proven at the time of trial.

76. That as a direct and proximate result of Defendants' conduct, the Plaintiffs have been

required to obtain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees, interest, plus costs of suit.

### SIXTH CAUSE OF ACTION
### (FRAUD)

77. Plaintiffs repeat and reallege all preceding paragraphs as though fully set forth herein.

78. Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY willfully, intentionally and fraudulently misrepresented to Plaintiffs the value of their claim and willfully, intentionally and fraudulently tried to coerce Plaintiffs into accepting an amount less than the true value of their claim.

79. Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY knew that the value of Plaintiffs' claim is reasonably clear without a legitimate dispute and is well in excess of the policy limit since Plaintiffs sent a supplemental demand with additional records and reports for damages to Plaintiff CARMEN IOVINO in excess of $1,659,876.10 to $2,442,355.10 on March 24, 2022 and again on August 25, 2022, but have intentionally ignored the information supporting this determination solely for their financial gain to the detriment of Plaintiffs.

80. Defendants intentionally misrepresented they would negotiate the claim in good faith with a private mediator on September 1, 2022. Defendants did not mediate in good faith and Plaintiffs detrimentally relied on these misrepresentations, which caused further delay because Defendants only offered $25,000.00 to resolve Plaintiffs' claim. Defendants intentionally misrepresented the value of the claim to the Plaintiffs to induce them to waive the remainder of their claim to save money and profit almost $500,000 of benefits due under the policy. Defendants did not have a legitimate basis to refuse these benefits. Defendants' conduct was intentional and calculated to delay the process and induce Plaintiffs to accept a substantial amount less than the fair and reasonable amount of their claim. These tactics were used by Defendants in other cases as a pattern and practice to reduce the amounts due and owing to their policyholders for Defendants' financial gain to the detriment of their policyholders.

81. That as a direct and proximate result of the intentional and fraudulent conduct of

1  Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE
2  COMPANY, Plaintiffs have been damaged and continue to be damaged in a sum to be determined
3  at the time of trial.

4      82.    The acts of Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY
5  NATIONAL INSURANCE COMPANY were malicious, oppressive, fraudulent and done with a
6  conscious and deliberate and/or reckless disregard of the rights of Plaintiffs, who are entitled to
7  recover punitive damages to be proven at the time of trial.

8      83.    That as a direct and proximate result of Defendants' conduct, the Plaintiffs have been
9  required to obtain the services of an attorney to prosecute this action and is entitled to reasonable
10 attorney's fees, interest, plus costs of suit.

### SEVENTH CAUSE OF ACTION
### (CIVIL CONSPIRACY)

    84.    Plaintiffs repeat and reallege all preceding paragraphs as though fully set forth herein.

    85.    Defendants through concerted action among themselves and others, intended to accomplish the unlawful objectives of depriving insured's, such as Plaintiffs TOPNOTCH SERVICES, INC. and CARMEN IOVINO, of the full policy limits, when improperly evaluating their claims and refusing to pay the full value of the claim that should be afforded them based upon their policy in order to unlawfully retain the remaining money on the policy limit, for financial gain to the detriment of their insured's inside and outside the State of Nevada. Defendants intentionally ignored information in their possession supporting the claim, failed to conduct timely investigations, delayed making fair and equitable determinations in an effort to deprive insureds of the true value of the claim, refused to provide an adequate basis for its determination, all in an effort to retain the benefits rightfully due to the insureds for their own financial gain.

    86.    That as a direct and proximate result of the intentional and fraudulent conduct of Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY NATIONAL INSURANCE COMPANY, Plaintiffs have been damaged and continue to be damaged in a sum to be determined at the time of trial.

    87.    The acts of Defendants AM TRUST FINANCIAL SERVICES, INC. and SECURITY

NATIONAL INSURANCE COMPANY were malicious, oppressive, fraudulent and done with a conscious and deliberate and/or reckless disregard of the rights of Plaintiffs, who are entitled to recover punitive damages to be proven at the time of trial.

88. That as a direct and proximate result of Defendants' conduct, the Plaintiffs have been required to obtain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees, interest, plus costs of suit.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for all causes of action as follows:

1. For a sum to be determined at trial for breach of contract;
2. For a sum to be determined at trial for breach of the implied covenant of good faith and fair dealing;
3. For a sum to be determined at trial for violation of Unfair Trade Practices;
4. For a sum to be determined at trial for unjust enrichment and constructive trust;
5. For a sum to be determined at trial for breach of fiduciary duty;
6. For reasonable attorney's fees, costs of suit and interest as special damages;
7. For a sum to be determined at trial for fraud;
8. For a sum to be determined at trial for civil conspiracy;
9. For a sum to be determined at trial for punitive damages;
10. For a sum to be determined at trial for reasonable attorney's fees, costs of suit and interest for having to bring this action;
11. For a sum to be determined at trial for General and Special Damages; and
12. For any such other relief as the Court may deem just and proper.

Dated this __19th__ day of December, 2022.

**SIMON LAW**

__/s/ Daniel S. Simon__
DANIEL S. SIMON, ESQ.
Nevada Bar No. 4750
ASHLEY M. FERREL, ESQ.
Nevada Bar NO. 12207
810 South Casino Center Boulevard
Las Vegas, Nevada 89101
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing **AMENDED COMPLAINT** was served this 19th day of December, 2022, by:

[ ] **BY U.S. MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada, addressed as set forth below.

[ ] **BY FACSIMILE**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document.

[ ] **BY PERSONAL SERVICE**: by causing personal delivery by an employee of SIMON LAW of the document(s) listed above to the person(s) at the address(es) set forth below.

[X] **BY ELECTRONIC SERVICE:** by transmitting via the Court's electronic filing services the document(s) listed above to the Counsel set forth on the service list on this date pursuant to EDCR Rule 7.26(c)(4).

Sheri M. Thome, Esq.
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP.**
6689 Las Vegas Blvd. South, Ste. 200
Las Vegas, Nevada 89119
Phone: (702)727-1400
Fax: (702)727-1401
Sheri.Thome@wilsonelser.com
-and-
Josh Cole Aicklen, Esq.
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
Phone: (702)893-3383
Fax: (702)893-3789
Josh.Aicklen@lewisbrisbois.com
Carlos.Blumberg@lewisbrisbois.com

                                             /s/ Janelle White
                                             An employee of SIMON LAW