# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN IOVINO,<br>    Plaintiff,<br>v.<br>AM TRUST FINANCIAL SERVICES, INC., *et al.*,<br>    Defendants. | Case No. 2:22-cv-01974-APG-NJK<br><br>**ORDER**<br><br>[Docket No. 88] |

Pending before the Court is the parties' stipulation to extend discovery deadlines. Docket No. 88. The parties request an extension of 119 days. *Id*.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010). If diligence is not established, the Court's inquiry should end. *Johnson*, 975 F.2d at 609 (internal citation omitted).

This case has been pending in this Court since November 28, 2022. Docket No. 1. Although the presumptively reasonable discovery period is 180 days, the parties were given a discovery period of 453 days. Docket No. 24. The parties were then granted an extension of 120 days—meaning that they have already been granted a total of 573 days of discovery. Nonetheless, the parties' recitation of discovery completed thus far demonstrates that they have not diligently conducted discovery. Docket No. 88 at 2-3. Further, the parties have not conducted any discovery whatsoever since January 2, 2024—nearly three months ago. *Id*. at 4. Therefore, the Court cannot find good cause for the extension request and the inquiry ends.

Accordingly, the stipulation to extend discovery deadlines is **DENIED** without prejudice. Docket No. 88.

IT IS SO ORDERED.

Dated: March 26, 2024

Nancy J. Koppe
United States Magistrate Judge