UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CARMEN IOVINO,

    Plaintiff,

v.

AM TRUST FINANCIAL SERVICES, INC., *et al.*,

    Defendants.

Case No. 2:22-cv-01974-APG-NJK

**ORDER**

[Docket No. 90]

Pending before the Court is the parties' stipulation to extend discovery deadlines. Docket No. 90. The parties request an extension of 90 days. *Id*.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010). If diligence is not established, the Court's inquiry should end. *Johnson*, 975 F.2d at 609 (internal citation omitted).

This case has been pending in this Court since November 28, 2022. Docket No. 1. Although the presumptively reasonable discovery period is 180 days, the parties were given a discovery period of 453 days. Docket No. 24. The parties were then granted an extension of 120 days—meaning that they have already been granted a total of 573 days of discovery. Although the parties submit a more detailed recitation of discovery completed thus far, the Court nonetheless finds that the parties have not diligently conducted discovery. Docket No. 90 at 2-7. The parties submit that, because Defendant ANA has been a party in this case for approximately 150 days, a 90-day extension is warranted. *Id*. at 9. The Court finds this reason unpersuasive as a party who

enters a case after discovery has begun is entitled to all discovery provided or taken in the case. *See* Local Rule 26-5.  Therefore, the Court cannot find good cause for the extension request and the inquiry ends.

As a final one-time courtesy to the parties, however, the Court will grant a 60-day extension.  During this time, the parties must diligently conduct discovery.  Accordingly, the stipulation to extend discovery deadlines is **GRANTED** in part and **DENIED** in part.  Docket No. 90.  The deadlines are **RESET** as follows:

| | |
|---|---|
| Amend/Add Pleadings: | May 29, 2024 |
| Initial Expert: | June 28, 2024 |
| Rebuttal Expert: | July 29, 2024 |
| Discovery Cut-Off: | August 27, 2024 |
| Dispositive Motions: | September 26, 2024 |
| Joint Pretrial Order: | October 28, 2024, 30 days after the resolution of dispositive motions, or further Court order. |

No further extensions will be granted.

IT IS SO ORDERED.

Dated: March 29, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

2