# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN IOVINO,<br><br>　　　Plaintiff(s),<br><br>v.<br><br>AM TRUST FINANCIAL SERVICES, INC., et al.,<br><br>　　　Defendant(s). | Case No. 2:22-cv-01974-APG-NJK<br><br>**Order**<br><br>[Docket No. 98] |

Pending before the Court is a motion to compel production of an unredacted version of the post-litigation claims file. Docket No. 98.[1]

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel must strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). To that end, discovery motions may be filed only after a robust conferral process, which requires personal consultation in the form of in-person, telephonic, or video discussions. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015); *see also* Local Rule IA 1-3(f). The fact that a party seeks emergency relief does not obviate the requirement to confer. "To the contrary, a good faith and thorough attempt to resolve the dispute without Court intervention is even more critical when time is of the essence." *Cardoza*, 141 F. Supp. 3d at 1142.

---

[1] The motion is accompanied by an omnibus document with hundreds of pages of various exhibits. Docket No. 98-2. Counsel must file <u>each exhibit separately</u> moving forward. *See* Local Rule IC 2-2(a)(3)(A) (exhibits must be filed "as separate files").

The caption of the motion includes the wrong case number information. *Compare* Docket No. 98 at 1 *with* Docket No. 80 ("All further documents must bear the correct case number **2:22-cv-01974-APG-<u>NJK</u>**" (bolding in original, underlining added)). Counsel must include the correct case information moving forward.

1

The instant motion indicates that a meet-and-confer was held on March 7, 2024, but no meaningful details are provided. *See* Docket No. 98 at 4; *but see ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). On April 1, 2024, the claims file was produced in redacted form. *See id.* at 5. It does not appear that further conferral efforts were made in relation to those redactions. *But see McNamara v. Hallinan*, 2019 WL 918984, at *2 n.3 (D. Nev. Feb. 25, 2019) (further telephonic conference is required when circumstances have changed regarding the issues in dispute).

Accordingly, the motion to compel is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: April 26, 2024

_____
Nancy J. Koppe
United States Magistrate Judge