# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN IOVINO., <br>     Plaintiff(s), <br> v. <br> AM TRUST FINANCIAL SERVICES, INC., ET AL, <br>     Defendant(s). | Case No. 2:22-cv-01974-APG-NJK <br><br> **Order** <br><br> [Docket No. 106] |

Pending before the Court is Plaintiff's motion to compel discovery. Docket No. 106. Defendant filed a response in opposition. Docket No. 114. Plaintiff filed a reply. Docket No. 115. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). While it may ultimately be the responding party's burden of persuasion to defend against a motion to compel, the movant must still present meaningfully developed argument as to each particular discovery response in dispute. *U.S. Bank, N.A. v. N. Am. Title Ins. Co.*, 2019 WL 5788302, at *2 (D. Nev. Nov. 6, 2019).

The instant dispute concerns Plaintiff's request for production of documents. Specifically, Plaintiff is requesting that Defendants be compelled to "produce the claim notes, evaluations and payments for all Nevada UM/UIM claims involving worker's compensation from 2011 to the present." Docket No. 106 at 3. Plaintiff's motion mainly consists of copied and pasted block texts of case law pertaining to Federal Rule of Civil Procedure 26, discovery in bad faith litigation, and copied and pasted block texts of his discovery request. *See* Docket No. 106 at 10-12, 13-14.

1

Plaintiff fails to provide any meaningful analysis. Plaintiff submits that, since he has "specifically plead that Defendants have engaged in a pattern and practice of undervaluing claims" and Defendant "solely controls this information and it goes directly to the heart of the claims," Plaintiff's request for *thirteen* years of *third-party* insurance claims is "directly proportional to the needs of the case and any burden asserted by Defendant is outweighed by its importance for finding the truth."[1] *Id*. at 13. Plaintiff then further submits that Defendants' objections "do not hold weight" and since they are a "billion dollar company that is governed and can be audited by state insurance regulatory agencies," Defendants cannot claim a lack of capacity to compile such discovery.[2] *Id*. at 14. These arguments are entirely underdeveloped as they state without elaboration that Plaintiff is entitled to these documents.

Given the failure to provide meaningfully developed argument, the Court declines to address the dispute presented.

Accordingly, Plaintiff's motion to compel is **DENIED**. Docket No. 106.

IT IS SO ORDERED.

Dated: September 9, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Plaintiff attempts to build on his argument in his reply. However, the majority of Plaintiff's reply focuses on the process of applying offset to a UM claim, which is inapplicable to why these records should be compelled.

[2] Plaintiff builds on his overbroad argument in his reply but does not provide any legal standards or analysis. Simply stating that "the disclosure of other claims is common place in bad faith actions and with the use of their computer auditing programs, it is fairly easy to access the specific claims and limited requests regarding Nevada worker's compensation claims" does not make it so. *See* Docket No. 115 at 5. Defendants submit that there are around 2,351 claims that might be responsive to Plaintiff's request, that Defendants would have to manually review and redact each one and it would take roughly between 2,000 and 5,000 hours. Docket No. 114 at 15.