UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| CARMEN IOVINO., | Case No. 2:22-cv-01974-APG-NJK |
|---|---|
| Plaintiff(s), | **Order** |
| v. | [Docket No. 129] |
| AM TRUST FINANCIAL SERVICES, INC., ET AL, | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for protective order to preclude the deposition of Plaintiff's counsel. Docket No. 129. Defendant filed a response in opposition. Docket No. 136. Plaintiff filed a reply. Docket No. 139. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I. STANDARDS**

If a party seeks relevant information that is proportional to the needs of the case, the rules provide that a party may depose "any person." Fed. R. Civ. P. 30(a)(1). The governing rules articulate no prohibition against deposing opposing counsel. *Massachusetts Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 478 (N.D. Cal. 1998). Nonetheless, the United States Supreme Court has "alluded to a presumption that trial counsel should not be forced to testify because doing so compromises the standards of the legal profession." *Nocal, Inc. v. Sabercat Ventures, Inc.*, No. C 04–0240 PJH (JL), 2004 WL 3174427, at *2 (N.D. Cal. Nov. 15, 2004) (discussing *Hickman v. Taylor*, 329 U.S. 495, 513 (1947)).

The Eighth Circuit provides the leading case on evaluating the propriety of deposing opposing counsel. In *Shelton v. American Motors Corp.*, the Eighth Circuit recognized that allowing the deposition of opposing counsel "not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." 805 F.2d 1323, 1327 (8th Cir.1986). Attempting to take the deposition of opposing

1

counsel causes pretrial delays to resolve work-product and attorney-client objections and collateral issues raised by the attorney's testimony. *Id.* The practice also "detracts from the quality of client representation" and has a "chilling effect" on attorney-client representations. *Id.* For these reasons, depositions of opposing counsel should proceed in limited circumstances when: (1) no other means exist to obtain the information sought; (2) the information is both relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *Id.*

Although the Ninth Circuit has not ruled on the issue, other circuits have adopted the *Shelton* test. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002); *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1112 & n.15 (10th Cir. 2001); *see also Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) (assuming the applicability of the Shelton test and applying it).[1] Judges within this District, including the undersigned, routinely follow the Eighth Circuit's approach enunciated in *Shelton* in addressing attempts to obtain deposition testimony from opposing counsel. *See Hanover Ins. Co. v. Terra S. Corp.*, No. 2:18-cv-00675-KJD-EJY, 2019 WL 5963986, at *3 (D. Nev. Nov. 12, 2019) (collecting cases); *see also, e.g.*, *Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, 2013 WL 4499008, at *3-4 (D. Nev. Aug. 20, 2013). Although not unanimous, applying *Shelton* in this context is the majority approach within the Ninth Circuit. *See SBP LLLP v. Hoffman Constr. Co. of Am.*, No. 1:19-cv-00266-DCN, 2021 WL 3131310, at *4 (D. Id. July 23, 2021); *see also Littlefield v. Nutribullet, LLC*, No. CV 16-6894 MWF (SSx), 2017 WL 10438897, at *4 (C.D. Cal. Nov. 7, 2017) (collecting cases). The Court will continue to follow the majority approach and will apply *Shelton* to Defendants' request to depose opposing counsel.

Hence, the request to depose opposing counsel will be subject to the following standards, succinctly stated. Depositions of opposing counsel are disfavored and should only be permitted in

---

[1] The Second Circuit has expressed a preference for a "more flexible approach to attorney depositions," though it did not "rule definitively on the matter" because that appeal was moot. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 67 (2d Cir. 2003); *see also id.* at 72 n.4 (explaining that the decision was *dicta* given mootness of the appeal). While there is some daylight between *Shelton* and the approach suggested in *Friedman*, both create a presumption against depositions of opposing counsel and are only "slightly different." *Monster Energy Co. v. Vital Pharm., Inc.*, No. 5:18-cv-01882-JGB (SHKx), 2020 WL 2405295, at *8 (C.D. Cal. Mar. 10, 2020).

limited circumstances. *See Johnson v. Couturier*, 261 F.R.D. 188, 193 (E.D. Cal. 2009); *see also Harter v. CPS Sec. (USA), Inc.*, No. 2:12-cv-00084-MMD-PAL, 2013 WL 129418, at *8 (D. Nev. Jan. 9, 2013). The party seeking to depose opposing counsel must show that: (1) no other means exist to obtain the information, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case. *Shelton*, 805 F.2d at 1327. In this context, the burden shifts to the party seeking to depose an attorney to demonstrate that such deposition is warranted. *American Cas. Co. of Reading, Pa. v. Krieger*, 160 F.R.D. 582, 588 (S.D. Cal. 1995); *see also Fernandez v. Penske Truck Leasing Co.*, No. 2:12-cv-00295-JCM-GWF, 2013 WL 438669, at *2 (D. Nev. Feb. 1, 2013). This is a "difficult burden" to meet. *Ditech Fin. LLC v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-00476-JCM-VCF, 2016 WL 4370034, at *2 (D. Nev. Aug. 15, 2016).

## II.   ANALYSIS

As explained above, the party seeking to depose opposing counsel must show that: (1) no other means exist to obtain the information, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case. *Shelton*, 805 F.2d at 1327. Because Defendants fail to satisfy the first and third requirements, the discovery will not be permitted.

### A.   No Other Means Exist to Obtain the Information

Defendants argue that Attorney Simon was Plaintiff's "sole point of contact for years during the claim investigation" and by "[Attorney] Simon's own doing, there are no alternative means" by which Defendants can secure the information. Docket No. 136 at 9. The Court disagrees. Defendants overlook an obvious alternative source for this information: Defendants themselves, as they submit they are seeking Attorney Simon's communications with Defendants. *Id.* at 8. Defendants provide no meaningful explanation why this information could not be obtained from their own representatives, or from the other various insurers and claim handlers, rather than seeking it from opposing counsel. When a party fails to explain why it cannot seek information from a source other than the opposing party's counsel, the request to depose such counsel is clearly not favored. *Ditech Fin. LLC*, 2016 WL 4370034 at *2.

3

Hence, Defendants fail to establish the first requirement.

### B. Relevant and Nonprivileged Nature of the Information

The discovery at issue consists of a proposed deposition to obtain testimony from Attorney Simon regarding his pre-suit involvement in Plaintiff's claim and his communications with Defendants. Docket No. 136 at 8. As a threshold matter, the Court agrees with Defendants that this discovery is relevant. *See, e.g.*, Docket No. 136 at 9-11. The discovery seeks information regarding Attorney Simon's acts and communications on behalf of Plaintiff with multiple claim handlers, insurers and attorneys which form part of the basis of Defendants' affirmative defenses. Docket No. 126 at 9. The standard for discovery "relevance" remains broad in nature, *V5 Technologies*, 334 F.R.D. at 309, and is met here.[2]

Plaintiff does not address whether the information sought is privileged. Rather, Plaintiff asserts that all non-privileged communications have already been produced. Docket No. 129 at 5. Plaintiff briefly submits that "Defendants seek Mr. Simon's mental impressions or opinions, which is privileged." *Id.* at 8. The Court need not get into the weeds on whether some aspects of the deposition might veer into privileged areas, however.

### C. The Information is Crucial to the Preparation of the Case

In addition to failing to show that no other means exist to obtain this information, Defendants have failed to demonstrate that the information is "crucial" to the preparation of the case. Their argument as to the "crucial" nature of the discovery is barebones. *See* Docket No. 136 at 11. Defendants have effectively collapsed the analysis of whether the discovery is "crucial" with the distinct question of whether the discovery is "relevant," but these terms are not synonymous. *Ditech*, 2016 WL 4370034, at *3. For discovery of opposing counsel to be warranted, the information "must have greater importance to the action than merely being relevant." *Id.*; *see also FMC Techs., Inc. v. Edwards*, No. C05-946C, 2007 WL 836709, at *5 (W.D. Wash. Mar. 15, 2007) (explaining that "helpful" deposition testimony is not "crucial"). Information would be crucial if it is "necessary for the survival of a claim or defense." *Hanover*

---

[2] Plaintiff agrees that some of the information sought is relevant. *See* Docket No. 129 at 7.

4

*Insurance*, 2019 WL 5963986, at *8 (citing *Mid-Century Ins. Co. v. Wells*, No. 2:12-cv-02041-GMN-VCF, 2013 WL 12321555, at *3 (D. Nev. June 17, 2013)).

Defendants state in conclusory fashion that Attorney Simon's testimony is "critical to Defendants' defense." Docket No. 136 at 11. Why that is so is not meaningfully explained. The primary gist of Defendants' argument is that Attorney Simon can offer unique testimony given his role as Plaintiff's primary point of contact with Defendants for much of the claim handling process, and that Attorney Simon's communications are probative of Defendants' affirmative defense of breach of covenant of good faith. *See* Docket No. 136 at 9. The Court is not persuaded that this is solid ground on which to find the information is crucial.

For these reasons, Defendants fail to establish the third requirement.

## V.  CONCLUSION

Defendants have failed to sustain their heavy burden of showing that the deposition they seek from opposing counsel is warranted. Defendants have not shown that the information cannot be obtained from another source or that it is crucial to the preparation of the case. "Either ground" provides a basis to prohibit this discovery. *SBP*, 2021 WL 3131310 at *4. Accordingly, Plaintiff's motion for protective order is **GRANTED**. Docket No. 129.

IT IS SO ORDERED.

Dated: September 9, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

5