# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN IOVINO., <br>     Plaintiff(s), <br> v. <br> AM TRUST FINANCIAL SERVICES, INC., ET AL, <br>     Defendant(s). | Case No. 2:22-cv-01974-APG-NJK <br> **Order** <br> [Docket No. 127] |

Pending before the Court is Plaintiff's motion for sanctions for Defendants' refusal to appear for depositions. Docket No. 127. Defendants filed a response in opposition. Docket No. 135. Plaintiff filed a reply. Docket No. 138. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

Courts may impose sanctions for the failure of a party or a party's officer, director, or managing agent to appear for his deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Courts generally require meaningfully developed argument specific to each type of sanction being sought. *Playup, Inc. v. Mintas*, 2022 WL 4985098, at *1 (D. Nev. Sept. 2, 2022). The sanctions that may be imposed include those listed in Rule 37(b)(2)(A)(i)-(vi). Parties should not invoke case-dispositive sanctions lightly. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). The more significant the relief being sought from the Court, the more robust the movant's showing should be. *See Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015). Hence, parties seeking case-dispositive sanctions must "be mindful to submit well-developed and well-supported argument when they are seeking such significant relief from the Court." *Cobb v. United States*, 2022 WL 1308114, at *1 n.1 (D. Nev. May 2, 2022). By way of example, a request to strike an answer is a harsh penalty that is appropriate only upon consideration of several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition

1

of cases on their merits; and (5) the availability of less drastic sanctions. *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012).

Here, Plaintiff seeks to strike Defendants' answer. Docket No. 127 at 25. Plaintiff's motion however, does not provide any discussion of the applicable standard and does not provide meaningful analysis as to how the law applies to the facts to warrant the relief sought. Adding to the difficulty in resolving this sanctions dispute on its merits, Plaintiff's reply focuses on how the deposition, which ultimately occurred, was allegedly deficient. Docket No. 138.

Plaintiff also submits he is entitled to monetary sanctions. Docket No. 127 at 24. Once more, Plaintiff fails to provide a robust discussion of the law and the application of the law to the facts. Instead, Plaintiff's motion consists of four pages of copied and pasted block text of Federal Rule of Civil Procedure 37 and submits in conclusory fashion that sanctions are warranted. *See* Docket No. 127 at 21-25. Plaintiff's motion instead focuses on Defendants' alleged misconduct in failing to provide Plaintiff a precise calculation underlying its payment; this, however, is not a discovery issue or appropriate legal analysis for a motion for sanctions.[1]

Accordingly, Plaintiff's motion for sanctions is **DENIED**. Docket No. 127.

IT IS SO ORDERED.

Dated: September 11, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] As it has been made abundantly clear, *see, e.g.,* Docket Nos. 148, 152, discovery motions are not exempt from the basic requirements that the parties meaningfully develop their arguments. The Court expects better from counsel moving forward.