1

2

3                          **UNITED STATES DISTRICT COURT**

4                                **DISTRICT OF NEVADA**

5

6    CARMEN IOVINO,                                    Case No. 2:22-cv-01974-APG-NJK
          Plaintiff,
7                                                              **Order**
     v.
8                                                       [Docket No. 142]
     AM TRUST FINANCIAL SERVICES, INC.,
9    *et al.*,

10         Defendants.

11         Pending before the Court is Plaintiff's motion to compel Defendants' financial information.

12   Docket No. 142.  Defendants filed a response.  Docket No. 150.  Plaintiff filed a reply.  Docket

13   No. 157.  The motion is properly resolved without a hearing.  *See* Local Rule 78-1.

14         "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v.*

15   *Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986).  Counsel should strive to be cooperative,

16   practical, and sensible, and should seek judicial intervention "only in extraordinary situations that

17   implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328,

18   331 (N.D. Cal. 1985).  Discovery motions will not be considered "unless the movant (1) has made

19   a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration

20   setting forth the details and results of the meet-and-confer conference about each disputed

21   discovery request."  Local Rule 26-6(c).

22         Judges in this District have held that the rules require that the movant must "personally

23   engage in two-way communication with the nonresponding party to meaningfully discuss each

24   contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc.*

25   *v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).  The consultation obligation

26   "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow

27   and focus the matters in controversy before judicial resolution is sought." *Nevada Power v.*

28   *Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the

informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions."  *Id*.  To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1]  Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

Plaintiff submits that Defendants failed to respond to written discovery requests that were due by May 6, 2024.  Docket No. 142 at 2; *see also* Docket No. 150 at 4.  Defendants submit that they served written responses and objections to the requests by email on May 6, 2024, at 5:24 p.m. Docket No. 150 at 4.  Plaintiff submits that his counsel never received the written responses because Defendants emailed them to the wrong email address.  Docket No. 157 at 2.  On July 22, 2024, Plaintiff further submits that counsel conducted a telephonic meet and confer regarding the document requests.[2]  Docket No. 142 at 3.  During the phone call, Plaintiff asserted that Defendants' financial information is discoverable and Defendants advised that, if Plaintiff did not receive a response back about producing additional financial information by July 26, 2024, they would not be producing financial information.  Docket No. 142 at 4.  On August 1, 19, and 21, 2024,[3] Defendants produced additional financial information but, Plaintiff submits, that the financial information is not sufficient as it does not adequately disclose the net worth of Defendant

---

[1] These requirements are now largely codified in the Court's local rules.  *See* Local Rule 26-6(c), Local Rule IA 1-3(f).

[2] Plaintiff provides no explanation as to why there was a 77-day delay in following up on these "missing" responses.  Defendant submits that, prior to filing the instant motion, Plaintiff never asserted that Plaintiff had not received Defendants' responses.  Docket No. 150 at 4, n.2.

[3] Defendants submit that they also provided financial statements on July 16, 2024.  Docket No. 150 at 5.

1  AmTrust Financial Services, Inc.  Docket No. 142 at 2-3.  Following the disclosure of the
2  additional financial information, no meet and confer occurred.

3       The Court finds that Plaintiff has failed to demonstrate that a sufficient meet and confer
4  occurred.  Plaintiff submits that, when Defendants declined to respond on July 26, 2024, Docket
5  No. 157 at 2, he was entitled to file the instant motion.  Even if that had been the case on that date,
6  more activity occurred subsequently.  Defendants submit that there have been multiple additional
7  disclosures of Defendants' financial information since that date that purportedly established their
8  net worth.  It does not appear that further conferral efforts were made in relation to this additional
9  information.  If Plaintiff did not find the information provided sufficient or adequate, his next
10 required step was to engage in further robust conferral efforts.  Further, Plaintiff is well aware of
11 the requirement of further conferral efforts.  *See* Docket No. 99; *see also McNamara v. Hallinan*,
12 2019 WL 918984, at \*2 n.3 (D. Nev. Feb. 25, 2019) (further telephonic conference is required
13 when circumstances have changed regarding the issues in dispute).

14      Accordingly, Plaintiff's motion to compel is **DENIED** without prejudice.  Docket No. 142.
15      IT IS SO ORDERED.  The parties must engage in a robust meet and confer, no later than
16 November 1, 2024.  In the event the parties cannot resolve the issues at that meet and confer,
17 Plaintiff may file a renewed motion to compel financial information, no later than November 7,
18 2024.  Defendants must respond by November 13, 2024, and any reply must be filed by November
19 15, 2024.[4]

20      Dated: October 28, 2024

21                                          _____
22                                          Nancy J. Koppe
                                            United States Magistrate Judge
23

24

25

26

27
_____
28      [4] These deadlines apply to the parties' briefing even if CM/ECF automatically generates
   conflicting deadlines.