UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN IOVINO,<br><br>    Plaintiff,<br><br>v.<br><br>AM TRUST FINANCIAL SERVICES, INC., *et al.*,<br><br>    Defendants. | Case No. 2:22-cv-01974-APG-NJK<br><br>**Order**<br><br>[Docket No. 159] |

Pending before the Court is Plaintiff's motion to compel discovery. Docket No. 159. Defendants filed a response. Docket No. 166. Plaintiff filed a reply. Docket No. 169. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

## I. BACKGROUND

Plaintiff was injured in a car crash while driving a company truck for his employer. Docket No. 105 at 1. The driver who caused the crash is unknown, so Plaintiff sought benefits under his employer's insurance policy with Defendant Security National Insurance Company ("SNIC") for underinsured/uninsured motorist ("UM") coverage. *Id.* Plaintiff alleged that he sustained injuries well above the policy's $1 million limit but was paid less than half of the benefits that he claims are due. *Id.* Plaintiff sues SNIC; its parent company, Defendant AmTrust Financial Services, Inc. ("AFSI"); and its claim processor, Defendant AmTrust North America ("ANA").

On August 1, 2024, Plaintiff deposed Emily Jessie as Defendant ANA's 30(b)(6) designee. Docket No. 159-3. On August 20, 2024, Plaintiff deposed Jessie as Defendant AFSI's (30)(b)(6) designee. Docket No. 159-7. Now, Plaintiff challenges the sufficiency of certain parts of the depositions and seeks to compel documents that were allegedly revealed at the depositions, as well as certain other discovery. Docket No. 159. Specifically, Plaintiff seeks to compel the following: (1) Defendants' post-litigation bad faith claims file; (2) Defendants' marketing or advertising materials from January 2015 through December 2016; (3) Defendant ANA's first party claims file

for employer UM polices from 2011 to the present; (4) a deposition of Defendant ANA's 30(b)(6) designee regarding its post-litigation handling and evaluation of Plaintiff's UM claim; (5) a deposition of Defendant ANA's 30(b)(6) designee regarding its marketing and/or advertising materials in use from January 2015 through December 2016; and (6) a deposition of Defendant AFSI's 30(b)(6) designee regarding Defendants' relationships. Docket No. 159 at 2.

## II.   MEET AND CONFER

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E. D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N. D. Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good-faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-6(c). This prefiling conference requirement is not simply a formal prerequisite to seeking judicial intervention but requires a fulsome discussion of the issues in dispute. *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). Courts may look beyond the movant's certification to determine whether a sufficient meet-and-confer actually took place. *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

These meet-and-confer requirements are very important, and the Court takes them very seriously. At the same time, litigants should not expect courts to look favorably on attempts to use the prefiling conference requirements as procedural weapons through which to avoid complying with their discovery obligations. *See, e.g., Aevoe Corp. v. AE Tech Co.*, Case No. 2:12-cv-00053-GMN-NJK, 2013 WL 4714273, at *2 (Aug. 30, 2013). Gamesmanship by an opposing party that

2

thwarts the meet-and-confer process is not grounds to deny a discovery motion. *See, e.g., Nevada Power*, 151 F.R.D. at 120 (judicial consideration of a dispute is proper when "one party has acted in bad faith, either by refusing to engage in negotiations altogether or by refusing to provide specific support for its claims"). The text of Rule 37 reinforces this proposition, requiring only that the movant "attempted" to engage in a rule-complaint conference. Fed. R. Civ. P. 37(a)(1); *see also* Local Rule 26-7(c) (requiring a "good-faith effort"). In addition, the Court retains the discretion to waive the meet-and-confer requirements with respect to any particular motion based on the circumstances of that case. *See Rogers v. Giurbino*, 288 F.R.D. 469, 477-78 (S.D. Cal. 2012); *see also Mielke v. Standard Metals Processing, Inc.*, Case No. 2:14-cv-01763-JCM-NJK, 2015 WL 2152664, at *1 (D. Nev. May 7, 2015) (collecting cases).

Here, Plaintiff's counsel submits that he conducted a meet-and-confer with Defendants' counsel on September 23, 2024, for over 45 minutes regarding the requested discovery. Docket No. 159 at 2. A 45-minute conversation held the day before the filing of the instant motion does not appear to be a fulsome discussion, especially as the motion has six discovery disputes. Further, the Court warned the parties that prior to filing another discovery motion, there needed to be a *robust* meet-and-confer. Docket No. 155. However, it appears that Defendants' counsel did not engage in meaningful discussion about certain disputes as he believed they were not contemplated in the Court's minute order, *see* Docket No. 159 at 3-6, 10. At the very least, Plaintiff attempted to engage in a proper meet-and-confer on the issues now in dispute and there appears to be no point in requiring further conferral efforts given the length of discovery and procedural posture of the case. The Court will, therefore, not deny the motion for lack of a sufficient meet-and-confer.

### III.     SCOPE AND TIMELINESS OF THE INSTANT MOTION

Defendants oppose the instant motion on substantive and procedural grounds, including that the motion is untimely. Docket No. 166. On September 17, 2024, the Court denied without prejudice Plaintiff's motion to compel Rule 30(b)(6) depositions, Docket No. 112, Defendants' countermotion for protective order, Docket No. 117, and Defendants' motion for protective order, Docket No. 140, as the subject depositions had occurred and, therefore, the issues raised were either moot or had changed from what was presented in the briefing. Docket No. 155. The Court

3

further stated that "to the extent the parties continue to seek any relief, they must engage in a robust meet and confer, and any renewed motions must be filed by September 24, 2024." *Id*. As discovery closed on August 27, 2024, Defendant submits that the Court's order authorizing the renewed filing of motions is <u>limited</u> to motions that request the same or similar relief as the previously denied motions. Docket No. 166 at 4 (emphasis in original). As such, Defendants submit that Requests 1, 2, 3, and 6 in Plaintiff's motion to compel are untimely and "must be denied as they request relief that was not included or a part of Plaintiff's June 20, 2024 motion to compel." *Id*.

District court oversight is encouraged to avoid "protracted discovery, the bane of modern litigation." *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (summarily affirming district court's finding that discovery motion was untimely). A party may not unduly delay in moving to compel discovery. *E.g., Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). "Untimeliness is sufficient ground, standing alone, to deny a discovery motion." *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018) (quoting *Williams v. Las Vegas Metro. Police Dept.*, Case No. 2:13-cv-01340-GMN-NJK, 2015 WL 3489553, at *1 (D. Nev. June 3, 2015)).

The Court's order was not intended to restrict the range of discovery motions that could be filed, as it contained no limiting or prohibitive language. It has long been clear in this District that, absent unusual circumstances, the outer limit for filing a motion to compel is the deadline for filing dispositive motions. *See Gault*, 184 F.R.D. at 622. Here, the motion was filed prior to the dispositive motion deadline; therefore, the Court will consider it on its merits.

**IV.     FULL TEXT REQUIREMENT**

In addition to the Federal Rules of Civil Procedure, discovery motions are governed by Local Rule 26–6(b), which requires "all motions to compel discovery …must set forth in full the text of the discovery originally sought and any response to it." Without the complete text of the requests and responses, if any, "[t]he Court cannot determine that particular responses ... are improper." *Allstate Ins. Co. v. Balle*, 2013 WL 5323968, at *4 (D. Nev. Sept. 20, 2013); *Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 211093, at *3 (D. Nev. Jan. 18, 2013) (denying motion to

4

compel, in part, for failure to comply with [the local rule] because "judges are not like pigs, hunting for truffles buried in briefs"). "Practically speaking, the failure to comply with [the local rule] improperly shifts the burden to the Court to sift through and root for issues that should be clear on the face of a discovery motion." *Taylor v. Aria Resort & Casino, LLC*, 2013 WL 2355462, at *4 (D. Nev. May 29, 2013).

Here, as an example, Plaintiff fails to provide the text for his first request, and instead submits that "Plaintiff requested that Defendants produce this claims file … Defendants' counsel … advised that the post-litigation bad faith claims file will not be produced." Docket No. 159 at 3-4. Although the Court may deny a motion for failure to comply with this procedural requirement alone, the Court acknowledges the strong policy behind addressing motions on the merits. *See Argarwal*, 2013 WL 211093 (D. Nev. Jan. 18, 2013) (denying a motion to compel for failure to comply with procedural requirements); *but see U–Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, 2013 WL 1249706 (D. Nev. Mar. 26, 2013) (exercising discretion to address the motion even though the court acknowledged the failure to comply with LR 26–7(a)). The Court therefore turns to the merits of Plaintiff's motion.

### V. DISCOVERY STANDARDS

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). While it may ultimately be the responding party's burden of persuasion to defend against a motion to compel, the movant must still present meaningfully developed argument as to each particular discovery response in dispute. *U.S. Bank, N.A. v. N. Am. Title Ins. Co.*, 2019 WL 5788302, at *2 (D. Nev. Nov. 6, 2019).

At the outset, the Court emphasizes that, while it is Defendants' burden of persuasion to defend against a motion to compel, Plaintiff must still present meaningfully developed argument as to each particular discovery response in dispute. Notwithstanding the explicit admonitions to

the contrary, *see* Docket Nos. 148, 152, 154, Plaintiff's instant motion, as explained more below, once again fails to provide legal authority or meaningfully developed argument.

## VI. ANALYSIS

### A. Defendants' post-litigation bad faith claims file

Plaintiff submits that Defendant ANA's 30(b)(6) deposition on August 1, 2024, revealed the existence of an alleged "post-litigation bad faith claims file." Docket No. 159 at 3. Plaintiff further submits that "Defendants did not disclose this file, and they have not produced it," the "file was not created by Defendants' counsel of record, and it should be produced." Docket No. 159 at 19-20. Defendants submit that this file was created because of Plaintiff's lawsuit and has nothing to do with the handling of Plaintiff's insurance claim. Docket No. 166 at 4. Rather, it is a file dedicated to the litigation between Plaintiff and Defendants and is protected by the attorney-client privilege and the attorney-work product doctrine. *Id*. Plaintiff cites to Jessie's deposition testimony to attempt to prove the existence and substance of the file. Docket No. 159 at 3; *see also* Docket No. 159-3. However, Jessie's testimony demonstrates that she believes the separate file is with Defendant ANA's litigation department. Docket No. 159-3 at 6.

Plaintiff fails to provide any meaningful analysis or legal standard. Plaintiff submits that he "has no ability to know what is or is not in that file. Plaintiff has no ability to discern what should be or should not be privileged within it" but that he is entitled to this file. Docket No. 169 at 4-5. This argument is entirely undeveloped as it states without elaboration that Plaintiff is entitled to the file, even though he is unaware of what the file is. Plaintiff cites to *Searcy v. Esurance Ins. Co.*, 243 F. Supp. 3d 1146 (D. Nev. 2017) to stand for the proposition that Defendants have an ongoing duty to evaluate Plaintiff's claim, even in post-litigation. Docket No. 159 at 20. However, *Searcy* recognizes that the duty of good faith continues after litigation is commenced; it does not create a broad affirmative duty to evaluate an insured's claim post-litigation. *Searcy,* 243 F. Supp. 3d at 1155; *see also Rosas v. GEICO Cas. Co.,* No. 2:18-CV-01200-APG-NJK, 2022 WL 2440854, at *2 (D. Nev. Jan. 26, 2022); *see also Zervas v. USAA Gen. Indem. Co.*, No. 2:18-CV-00051-JAD-EJY, 2022 WL 684970, at *2 (D. Nev. Mar. 7, 2022). Nonetheless, this case provides no legal backing for why Defendants should be compelled to

6

produce this file. Given the failure to provide meaningfully developed argument, the Court declines to address the dispute presented.

### B. Defendant ANA's First Party Claims

Plaintiff requests that "Defendant ANA produce its first party claim files for employer UM policies involving a worker's compensation claim from five years prior to the subject collision to the present." Docket No. 159 at 11. The Court has denied Plaintiff's previous motion to compel the same discovery, Docket No. 148, which Chief United States District Judge Andrew P. Gordon has affirmed. Docket No. 174. The instant motion fails to seek reconsideration of the prior orders or address the governing standards for doing so. As a result, the Court declines to address Plaintiff's motion to the extent it relates to Defendant ANA's first party claim files.

### C. Deposition of Defendant ANA's 30(b)(6) designee regarding its post litigation handling and evaluation of Plaintiff's UM claim

Plaintiff submits that Defendant ANA has "refused to testify regarding its post-litigation handling and evaluations of Plaintiff's UM claim." Docket No. 159 at 20. Plaintiff states, without elaboration, that this information is "relevant and directly concerns Plaintiff's bad faith claims," and this information will assist the jury with evaluating Defendants' conduct. *Id.* This boilerplate argument is not persuasive. Given the failure to provide meaningfully developed argument, the Court declines to address the dispute presented.

### D. Defendants' marketing or advertising materials and Deposition of Defendant ANA's 30(b)(6) designee regarding marketing and/or advertising materials

Plaintiff submits that he has requested the production of marketing and advertising materials from January 2015 through December 2016, has requested that Defendants produce a designee to testify on the topic, and that Defendant ANA has refused to produce either the materials or a designee on this topic. Docket No. 159 at 20. However, during the August 1, 2024 deposition of Defendant AFSI's 30(b)(6) designee, Jessie testified that "she didn't know" if there were any marketing materials from January 1, 2025, through December 31, 2016, because the company's retention policy keeps marketing materials for only six years and, therefore, she could not locate any relevant materials due to the retention policy. Docket No. 159-7 at 6. Plaintiff submits that these materials should be produced, and that Plaintiff is entitled to cross-examine Defendant ANA

7

on this topic. Docket No. 159 at 20. In support of his argument, Plaintiff submits that the Nevada Unfair Trade Practices Act governs how Defendants evaluated and handled Plaintiff's claim, and that failing to act reasonably and promptly when investigating claims is in violation of NRS 686A.310(c) and (d). *Id*. Plaintiff further submits, in conclusory fashion, that how Defendants market and advertise their products and services are discoverable. *Id.* Plaintiff provides no authority in support of his argument that Defendant ANA should be compelled to produce marketing materials from nearly a decade ago, or how this material is relevant to his claims. Plaintiff also fails to demonstrate how this request is properly directed towards Defendant ANA, as Plaintiff seems to take issue with Defendant AFSI's deposition. *See* Docket No. 159 at 20. Accordingly, Plaintiff's request that Defendant ANA should be compelled to provide marketing materials is denied.

E. **Deposition of Defendant AFSI's 30(b)(6) designee regarding Defendants' relationships**

Plaintiff submits that, during Defendant AFSI's 30(b)(6) deposition, Jessie "could not testify and did not have knowledge regarding critical issues regarding [Defendant] AFSI's role as a parent company over [Defendant] ANA and [Defendant] SNIC, including ownership, control, management, and/or authority over those subsidiaries." Docket No. 159 at 21. Plaintiff submits that the relationships between Defendants are relevant and proportional to the needs of the case, as Defendants have asserted the affirmative defense of improper parties. *Id*. Defendants submit that Jessie did testify about the relationship between Defendants in sufficient detail. Docket No. 166 at 20-23. Plaintiff submits that Jessie was not properly prepared to testify on the topic as she "had no knowledge as to what [the definition of a parent company] actually means." Docket No. 169 at 8.

The party seeking discovery through a Rule 30(b)(6) deposition is required to describe "with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6). Once served with the deposition notice under Rule 30(b)(6), the responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics. *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 538 (D. Nev.

8

2008), citing *Marker v. Union Fidelity Life Insurance Company*, 125 F.R.D. 121, 126 (M. D. N. C. 1989).

The provided witness must be knowledgeable in order to provide binding answers on behalf of the corporation. *Vegas Const.*, 251 F.R.D. at 538. A Rule 30(b)(6) designee is not required to have personal knowledge of the designated subject matter, but the organization has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Id*.

The Court has reviewed Jessie's deposition transcript and finds that Jessie was able to identify or otherwise provide information about the relationship between all three Defendants. The Court finds that Jessie was knowledgeable about the subject matter of the noticed topic and was adequately prepared. For example, Jessie explained what holding and parent companies are and testified that Defendant AFSI is "an insurance holding company that has several multiple subsidiaries that include the insurer in this case, as well as the claims administrator in this case, which are co-defendants." Docket No. 159-7 at 3-5. Jessie further testified that Defendant AFSI is the parent company of Defendant SNIC and Defendant ANA; that Defendant AFSI does not have contracts with Defendant SNIC or with Defendant ANA; that Defendant AFSI is not the administrator on behalf of Defendant SNIC; and that Defendant AFSI does not evaluate claims, pay claims, or otherwise operate on behalf of Defendant SNIC. *Id*.

Therefore, Plaintiff's request that Defendant AFSI should be compelled to provide a prepared designee to testify fully is denied.

Accordingly, for the reasons stated above, Plaintiff's motion to compel is **DENIED**. Docket No. 159.

IT IS SO ORDERED.

Dated: November 6, 2024

_____
Nancy J. Koppe
United States Magistrate Judge