# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN IOVINO,<br>    Plaintiff,<br>v.<br>AMTRUST FINANCIAL SERVICES, INC., *et al.*,<br>    Defendant(s). | Case No. 2:22-cv-01974-APG-NJK<br>**Order**<br>[Docket No. 181] |

Pending before the Court is Plaintiff's motion to seal exhibits filed in conjunction with his motion to compel. Docket No. 181. Defendants did not file a response. *See* Docket.

Plaintiff submits that these exhibits "may be subject to the stipulated protective order," that they have "been deemed confidential," and he "believes these records are deemed confidential by Defendants due to proprietary reasons regarding their financial status, and that such information constitutes a source of business information that may harm Defendants' competitive standing." Docket No. 181 at 2.

The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180. **All motions to seal must address the applicable standard and explain why that standard has been met**. The fact that a court has entered a blanket protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *see also* Docket No. 31 at 3-4.

If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator must file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

As such, Defendants are **ORDERED** to file a response by December 3, 2024. If Defendants fail to file a response fully addressing the applicable standards, the Court may order the subject materials unsealed.

IT IS SO ORDERED.

Dated: November 26, 2024

_____
Nancy J. Koppe
United States Magistrate Judge