# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN IOVINO,<br>    Plaintiff,<br>v.<br>AM TRUST FINANCIAL SERVICES, INC., *et al.*,<br>    Defendants. | Case No. 2:22-cv-01974-APG-NJK<br><br>**Order**<br><br>[Docket No. 180] |

Pending before the Court is Plaintiff's motion to compel Defendants' financial information. Docket No. 180. Defendants filed a response. Docket No. 184. Plaintiff filed a reply. Docket No. 185. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

Plaintiff was injured in a car crash while driving a company truck for his employer. Docket No. 179 at 1. The driver who caused the crash is unknown, so Plaintiff sought benefits under his employer's insurance policy with Defendant Security National Insurance Company ("SNIC") for underinsured/uninsured motorist ("UM") coverage. *Id*. Plaintiff alleges that he sustained injuries well above the policy's $1 million limit but was paid less than half of the benefits that he claims are due. *Id*. Plaintiff sues SNIC; its parent company, Defendant AmTrust Financial Services, Inc. ("AFSI"); and its claim processor, Defendant AmTrust North America ("ANA").

On April 2, 2024, Plaintiff propounded requests for production, seeking financial information and statements from each Defendant. Docket No. 180 at 12. Plaintiff submits that Defendants produced Defendant SNIC's financial information, but have not produced financial information for Defendant ANA, and have produced limited information for Defendant AFSI. *Id*. On August 27, 2024, Plaintiff filed his original motion to compel Defendants' financial information. Docket No. 142. The Court denied the motion without prejudice as the parties did

not engage in a robust meet and confer.  Docket No. 176.  Plaintiff has now filed the pending motion to compel.

**II.    DISCOVERY STANDARDS**

"The discovery process in theory should be cooperative and largely unsupervised by the district court."  *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018).  When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery.  Fed. R. Civ. P. 37(a).  The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted.  *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).  While it may ultimately be the responding party's burden of persuasion to defend against a motion to compel, the movant must still present meaningfully developed argument as to each particular discovery response in dispute.  *U.S. Bank, N.A. v. N. Am. Title Ins. Co.*, 2019 WL 5788302, at *2 (D. Nev. Nov. 6, 2019).

The instant dispute concerns Plaintiff's request for Defendant ANA's and Defendant AFSI's financial information.  Plaintiff submits that "punitive damages are highly probable based on a clear and convincing standard and discovery regarding Defendants' financial status is relevant and proportional to the needs of the case."  Docket No. 180 at 12.  Defendants submit that they have produced sufficient information to establish their net worth in the form of a declaration that discloses Defendant AFSI's total assets and liabilities from 2021-2023.  Docket No. 184 at 5-6.  Defendants also submit that Defendant ANA does not prepare or maintain financial statements separate from Defendant AFSI.[1]  *Id*. at 2.  Plaintiff submits that the declaration is not sufficient as "Plaintiff has no ability to verify or corroborate this information whatsoever" and that the "assets, liabilities, equity and net income" is not the net worth of the companies.  Docket No. 180 at 20-21.

---

[1] Defendants submit that they "would be willing to supplement the [declaration] to provide calculations of assets, liabilities, equity, and net income for ANA for 2021-2023, but only if the Court deems it necessary."  Docket No. 184 at 7.  In the event the Court determines this supplement necessary, Defendants ask the Court to defer the production until "after the decision on the summary judgment motions to see if Plaintiff's prayer for punitive damages survives."  *Id*. at 7-8.

Black's Law Dictionary defines "net worth" to be "the excess of total assets over total liabilities." *Worth*, Black's Law Dictionary (12th ed. 2024); *see also Bolt v. Merrimack Pharms., Inc.*, 503 F.3d 913, 917 (9th Cir. 2007) ("the common and well-established meaning of the term "net worth" [is] the difference between total assets and total liabilities"). Defendants' declaration, from the Vice President of US GAAP Financial Reporting and Consolidation for Defendant AFSI, states the total assets and liabilities for Defendant AFSI for the last three years. *See* Docket No. 180-3 at 3.

The Court has previously admonished Plaintiff for his failure to properly develop arguments. *See* Docket Nos. 148, 152, 154, 179. To the Court's chagrin, Plaintiff did not cure those deficiencies and once again fails to provide any legal authority or meaningfully developed argument in support of his motion.[2] Plaintiff asserts that "[the information in the declaration] is not the net worth of the companies" and that "Plaintiff is not obligated to rely upon [the declaration]." Docket No. 180 at 21. Such bald assertions are not persuasive. Plaintiff presents this argument in a few sentences, which does not constitute a meaningfully developed argument. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). Further, Plaintiff provides no definitions or methods of calculation for net worth, nor does he cite case law that provides backing for the notion that a declaration, submitted under penalty of perjury, is not sufficient to establish Defendants' net worth.

Further, Defendants request sanctions in their response. *See* Docket No. 184 at 8-11. Plaintiff fails to address this argument in his reply. *See* Docket No. 185. This failure constitutes a consent to the granting of the request. *See* LR 7-2(d). In addition, the Court finds the granting of sanctions appropriate pursuant to Fed. R. Civ. P. 37(a)(5)(B).

Accordingly, Plaintiff's motion to compel is **DENIED**. Docket No. 180. Defendants' request for sanctions is **GRANTED**. No later than December 9, 2024, the parties must meet and confer to determine if they can agree upon the sanction amount. If they cannot agree, Defendants

---

[2] Plaintiff attempts to build on his argument in his reply. However, the case law cited by Plaintiff lists the various types of documents that can be used to ascertain a parties' financial condition; it does not limit the type of documents that can be used, nor does it prohibit a sworn declaration from being used. *See* Docket No. 185 at 3.

must file a motion, no later than December 12, 2024, that clearly requests specific sanctions and sets forth the proper standards for the specific amount requested.

IT IS SO ORDERED.

Dated: December 3, 2024

_____
Nancy J. Koppe
United States Magistrate Judge