# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CARMEN IOVINO,

      Plaintiff,

v.

AM TRUST FINANCIAL SERVICES, INC., *et al.*,

      Defendants.

Case No. 2:22-cv-01974-APG-NJK

**Order**

[Docket No. 192]

Pending before the Court is Defendants' motion regarding the amount of sanctions to be awarded. Docket No. 192. Plaintiff filed a response. Docket No. 195. Defendants filed a reply. Docket No. 197. The matter is properly resolved without a hearing. *See* Local Rule 78-1.

## I.    BACKGROUND

On December 3, 2024, the Court granted Defendants' request for sanctions. Docket No. 190 at 3. The Court ordered the parties to meet and confer to determine if they could agree upon the sanction amount. *Id*. The parties could not agree, which resulted in the filing of the instant motion. Docket No. 192.

## II.    ENTITLEMENT TO FEES

As a threshold matter, Plaintiff contends that sanctions are not warranted because his conduct was substantially justified, as it was reasonable for him to seek this information in discovery and to seek the Court's intervention.[1] Docket No. 195 at 10. Further, Plaintiff submits that the only motion subject to the Court's sanctions is the renewed motion to compel financial information, and that "Defendants are procedurally barred for seeking attorney's fees for unrelated discovery motion work as their request is untimely and outside the scope of the actual motion filed

---

[1] The fact that a party might consider its own position reasonable does not establish substantial justification. *See, e.g., Wood v. GEICO Casualty Co.*, 2016 WL 6069928, at *2 (D. Nev. Oct. 14, 2016) (quoting *Flonnes v. Prop. & Cas. Co. of Hartford*, 2012 WL 3730533, at *2 (D. Nev. Sept. 25, 2013)).

by Plaintiff." *Id*. at 2. This argument is inappropriate in the context of the present dispute, as the Court has already granted Defendants' motion for sanctions. Docket No. 190 at 3. Plaintiff essentially asks the Court to reconsider its prior ruling without addressing the standard for reconsideration, which prohibits Plaintiff from raising new arguments when they could reasonably have been raised earlier in the litigation. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Defendants properly requested sanctions for five discovery motions, *see* Docket No. 184 at 11, and Plaintiff failed to respond to that request. Docket No. 190 at 3. The Court finds no reason to reconsider its position that sanctions are appropriate. Accordingly, the Court will proceed to determine the proper sanction amount.

## III.    LODESTAR CALCULATION

The amount of fees awardable under Rule 37 of the Federal Rules of Civil Procedure is determined using the familiar lodestar approach. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 587 (D. Nev. 2013). Under the lodestar method, the Court determines a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[2] The Ninth Circuit has made clear that "the district court is required to independently review [a] fee request even absent [] objections." *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992).

### a.    Hourly Rate

The first lodestar step is to calculate the attorneys' reasonable hourly rates "according to the prevailing market rates in the relevant community[.]" *Blum v. Stenson*, 465 U.S. 886, 895-96 & n.11 (1984). The party requesting attorneys' fees must demonstrate that the hourly rates sought are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

---

[2] Adjustments to the lodestar are proper in only "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). A departure from the lodestar is not warranted in this case.

"Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate*." United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)

In this case, Defendants seek recovery for the time of three attorneys.  Docket No. 192 at 8.  Defendants' counsel submitted a declaration elaborating on each attorney's education and experience.  Docket No. 192-1 at 5.  Defendants' first attorney, Sheri Thome, requests an hourly rate of $245.  Docket No. 192 at 8.  Thome, the regional managing partner at Wilson, Elser, Moskowitz, Edelman & Dicker, has over 25 years of legal experience.  *Id*.  Defendants' other attorneys, Kathy McCarthy, with over 20 years of experience, and Jason Wigg, with over 25 years of experience, seek an hourly rate of $205.  *Id*.

Plaintiff does not dispute the reasonableness of these hourly rates.  *See* Docket No.195.  Further, the Court, based on its own familiarity with attorneys in this District, concludes that these hourly rates are reasonable.  Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for a partner and $250 for an experienced associate to be the prevailing market rate in this district.  *Sinanyan v. Luxury Suites Int'l, LLC*, No. 2:15-cv-00225-GMN-VCF, 2016 WL 4394484, at *4 (D. Nev. Aug. 17, 2016); *see also Capital One, N.A. v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-00604-RFB-DJA, 2019 WL 9100174, at *4, 7 (D. Nev. Sept. 24, 2019) (awarding hourly rates of $250 and $200 for associates with eight and five years of experience);  *see also Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, 2015 WL 6163443, at *3 (D. Nev. Oct. 20, 2015) (awarding hourly rate of $450 to partner with substantial litigation experience).

### b.  Hours Expended

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable.  *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013).  The Court "has a great deal of discretion in determining the reasonableness of the

1   fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the

2   reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*,

3   608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.

4   1992)).  The reasonableness of hours expended depends on the specific circumstances of each case.

5   *Camacho*, 523 F.3d at 978.  In reviewing the hours claimed, the Court may exclude hours related

6   to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary.  *See, e.g.,*

7   *Hensley*, 461 U.S. at 433.  In making the determination regarding the reasonableness of hours

8   expended on such motions, "the Court considers factors such as the complexity of the issues raised,

9   the need to review the record and pleadings, and the need to conduct legal research, in addition to

10  the length of the briefing."  *See, e.g., Marrocco*, 291 F.R.D. at 588.

11      Defendants seek to recover roughly 43 hours for responding to Plaintiff's motion to compel

12  all other Nevada uninsured motorist claim files for claims between 2011 and present, roughly 30

13  hours for responding to Plaintiff's motion to compel an *in camera* review, roughly 9 hours for

14  responding to Plaintiff's motion to compel additional financial information, roughly 37 hours for

15  responding to Plaintiff's omnibus motion to compel five separate categories of information, and

16  roughly 9 hours for responding to Plaintiff's renewed motion to compel Defendants' financial

17  information.  Docket No. 192 at 6.  The vast majority of these hours reflect time expended by

18  associate attorney Wigg, with less time expended by associate attorney McCarthy and managing

19  partner Thome.  *Id.* at 7.  Defendants argue that the time expended was reasonable as the motions,

20  came in "thick and fast," and covered a broad range of issues.  *Id.*

21      This is clearly an unreasonable request.[3]  *See, e.g., Alutiiq Int'l Solutions, LLC v. Lyon*,

22  2012 WL 4182026, at *2, 4 (D. Nev. Sept. 17, 2012) (reducing hours for motion to compel from

23  13.8 hours to 4.0 hours); *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (reducing hours

24

25      [3] While attorneys and their clients are free to staff matters as they see fit and spend time working on matters as they see fit, they are not entitled to recover fees as sanctions for hours that are deemed to be excessive.  *See Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.*, 2012

26  WL 2244262, * 10 (D. Nev. June 15, 2012) ("The court does not doubt that this amount of time was actually spent [by multiple attorneys].  However, while the law firm and its clients may agree

27  to multiple attorneys working on a case, the court will not impose sanctions ... for the entire

28  amount.")

for motion to compel to 15 hours); *Izzo v. Wal-Mart Stores, Inc.*, 2016 WL 1337335, *4 (D. Nev. Apr. 5, 2016) (reducing hours for opposition to motion to compel from 47.9 hours to 10.35 hours). The Court will address each request in turn.

### i.    Plaintiff's motion to compel all other Nevada UM claim files

Defendants seek to recover roughly 43 hours for responding to Plaintiff's motion to compel all other Nevada uninsured motorist claim files for claims between 2011 and present. Docket No. 192 at 6. On June 7, 2024, Wigg billed .3 hours for a meet and confer with Plaintiff's counsel. Docket No. 192-2 at 3. The case law in this District has long been clear that such time is not recoverable absent unusual circumstances. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, at *6 & n.12 (D. Nev. Sept. 20, 2013) (collecting cases). Such time is not recoverable here.

On June 16, 2024, Thome billed .7 hours to review Plaintiff's motion and draft an email to client. Docket No. 192-2 at 5. The Court finds that having a managing partner review a motion and draft an email to be unnecessary, considering that two other attorneys are staffed on the matter. Such time is not recoverable here.

On June 24, 2024, McCarthy made an entry of 6 hours for preparing the introduction and fact section of Defendants' response. Docket No. 192-2; *see also* Docket No. 114 at 2-6. These two sections are essentially a summary of Defendants' response and its factual context. *See* Docket No. 114 at 2-6. In light of this, the Court finds that Defendants' entry of 6 hours for this four-page summary is unreasonable and reduces it to 1.5 hours. *See also Izzo v. Wal-Mart Stores, Inc.*, No. 2:15-cv01142-JAD-NJK, 2016 WL 1337335, at *4 (D. Nev. Apr. 5, 2016) (finding that Defendant's entry of 1.5 hours for a one-page summary is unreasonable and reducing it to .75 hours). On June 25, 2024, McCarthy made an entry of five hours for preparing the section opposing the production on the basis of relevance. Docket 192-2. The section is two pages long. *See* Docket No. 114 at 9-11. In light of this, the Court finds that Defendants' entry of 5 hours for this two-page section is unreasonable and reduces it to 1 hour. On June 26, 2025, McCarthy billed 3.5 hours to prepare the section regarding burden and 4 hours to prepare the section regarding confidentiality. Docket No. 192-2. The section ended up comprising roughly 5 pages. Docket

No. 114 at 13-17.  In light of this, the Court finds that Defendants' entry of 7.5 hours for this five-page section is unreasonable and reduces it to 2 hours.

On June 25, 2024, Wigg billed 3.10 hours to revise his proposed declaration in support of Defendants' response.  Docket No. 192-2.  The declaration was roughly 2 pages long.  Docket No. 114-1.  The Court finds that Defendants' entry of 3.10 hours is unreasonable and reduces it to 1 hour.  On June 27 and 28, 2024, Wigg billed a total of 6.4 hours for supplemental legal research.  Docket No. 192-2 at 9, 11.  As the motion was denied for lack of legal argument, the Court does not find this supplemental legal research necessary in addition to all the other hours expended on this motion.  Such time is not recoverable here.  On June 27, 2025, McCarthy billed 3.3 hours to complete the opposition.  The Court finds this unnecessary considering all the other hours spent on this motion.  Such time is not recoverable here.

Accordingly, the Court finds that the reasonable amount of time preparing the response is 5.5 hours, comprised of 4.5 hours for McCarthy and 1 hour for Wigg.

**ii.    Plaintiff's motion for in camera review**

Defendants seek to recover roughly 30 hours for responding to Plaintiff's motion to compel an *in camera* review of Plaintiff's unredacted claim file.  Docket No. 192 at 6.  However, Plaintiff's motion to compel was denied as it was legally deficient and failed to provide any meaningful analysis.  Docket No. 152 at 1-2.  The Court is certainly reluctant to penalize a winning attorney for filing briefs that are well-researched, well-supported, and well-written.  *See Nadarajah v. Holder*, 569 F.3d 906, 922 (9th Cir. 2009) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the [motion practice"); *see also On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 n.2 (D. Nev. Apr. 30, 2018) (discovery motions are not exempt from the normal briefing rules, including that meaningfully developed argument must be provided).  Having said that, the number of hours worked are higher than the Court would expect given the lack of argument and legal support in Plaintiff's motion.  *See* Docket No. 152 at 2.  In short, the Court finds that a reasonable amount of time spent should not have exceeded 8 hours.  *See Marrocco v. Hill*, 291 F.R.D. 586

1   (D. Nev. 2013) (reducing 30.6 hours for a 28-page countermotion to compel to 15 hours).

2   Accordingly, the Court finds the reasonable hours spent are 8 hours for Wigg.[4]

3       iii.    **Plaintiff's motions to compel production of additional financial**

4               **information**

5   Defendants seek to recover roughly 9 hours for responding to Plaintiff's motion to compel

6   production of additional financial information. Docket No. 192 at 6. Defendants also seek to

7   recover roughly 9 hours for responding to Plaintiff's renewed motion to compel Defendant's

8   financial information. *Id.* Plaintiff's motions are largely identical. *Compare* Docket Nos. 142

9   and 180. Defendants' responses are highly similar. *Compare* Docket Nos. 150 and 184. As such,

10  the Court finds Defendants' work in opposing these two motions duplicative. Accordingly, the

11  Court finds the reasonable hours spent are 8 hours for Wigg.

12      iv.     **Plaintiff's omnibus motion**

13  Defendants seek to recover roughly 37 hours for responding to Plaintiff's omnibus motion

14  to compel five separate categories of information. Docket No. 192 at 6.

15  On October 31, 2024, Wigg billed 2.1 hours to prepare and attend a meet and confer with

16  Plaintiff's counsel. Docket No. 192-2 at 2. Such time is not recoverable here. *See, e.g.*, *Aevoe*

17  *Corp.*, 2013 WL 5324787, at *6 & n.12.

18  Further, the motion consists of roughly 24 pages of text, nearly half of which was

19  introductory or background discussion. *See* Docket No. 159. Moreover, Plaintiff's motion failed

20  to provide legal authority or meaningful developed argument, *see* Docket No. 179 at 6, and

21  requested discovery that the Court previously denied, *see id.* at 7. Given the circumstances, the

22  Court finds a reasonable amount of time to be expended to have been 9 hours for Wigg.

23

24

25

26

---

27      [4] On July 16, 2024, Thome billed .7 hours to review and supplement Defendants' motion.
    Docket No. 192-2. The Court finds an award to Thome to be unreasonable as Wigg did the bulk
28  of the work on this opposition. *See* Docket No. 192-2 at 13-17.

c. **Fees to be awarded**

In light of the reasonable hours and rates determined above, the Court hearby calculates the lodestar as follows:

| Motion | Attorney | Hours | Hourly Rate | Total |
|--------|----------|-------|-------------|-------|
| UM/UIM Claim Files | Wigg | 1 | | $205 |
| | McCarthy | 4.5 | | $922.50 |
| *In Camera* Review | Wigg | 8 | | $1,640 |
| Additional Financial Information | Wigg | 8 | $205 | $1,640 |
| Omnibus Motion | Wigg | 9 | | $1,845 |

Accordingly, the Court finds a lodestar amount of $6,252.50.

IV.    **CONCLUSION**

For the reasons discussed above, Defendants' motion regarding the amount of sanctions is **GRANTED** in part and **DENIED** in part. The Court hereby awards Defendants $6,252.50 in attorneys' fees. Payment must be made no later than February 20, 2025.

IT IS SO ORDERED.

Dated: January 29, 2025

Nancy J. Koppe
United States Magistrate Judge