UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN IOVINO,<br><br>    Plaintiff<br><br>v.<br><br>AM TRUST FINANCIAL SERVICES, INC., et. al,<br><br>    Defendants | Case No.: 2:22-cv-01974-APG-NJK<br><br>**Order Denying Iovino's Motion to Dismiss Counterclaim**<br><br>[ECF No. 120] |

    Carmen Iovino was injured in a car crash while driving a company truck for his employer, TopNotch Services, Inc. The driver who caused the crash is unknown, so Iovino sought benefits under TopNotch's insurance policy with defendant Security National Insurance Company (SNIC) for underinsured/uninsured motorist (UIM) coverage. Iovino alleged that he sustained injuries well above the policy's $1 million limit but was paid less than half of the benefits that he claims are due. Iovino sued SNIC; its parent company, AmTrust Financial Services, Inc.; and its claim processor, AmTrust North America, for breach of contract, breach of the covenant of good faith and fair dealing, unfair trade practices, and fraud.

    SNIC filed a counterclaim seeking a declaration that Iovino voided the policy by misrepresenting that he suffered lost earnings despite experiencing increased income since the crash. Iovino moves to dismiss the counterclaim arguing that it fails to state a claim for fraud or misrepresentation and is barred by affirmative defenses. Iovino also moves for sanctions under Federal Rule of Civil Procedure 11, asserting that SNIC's counterclaim is frivolous. SNIC responds that it has plausibly described a misrepresentation that, under the policy's terms, voids the contract and it does not need to satisfy the reliance element for a common law claim of

fraudulent misrepresentation because it is not asserting a common law fraud claim. SNIC contends that Iovino's affirmative defenses involve factual disputes not apparent from the face of the counterclaim, so I should not address them when resolving a motion to dismiss. As for sanctions, SNIC asserts that it has pleaded a plausible claim on the merits and that Iovino has not complied with Rule 11(c)(2)'s mandatory safe-harbor provisions.

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion. The counterclaim plausibly describes a material misrepresentation under the policy and does not assert a common law fraudulent misrepresentation claim, so I deny Iovino's motion to dismiss. Additionally, Iovino's arguments about laches, unclean hands, and the veracity of his representations are not suitable for resolution at the dismissal stage. Because the deadline for dispositive motions has passed, I will set a briefing schedule for the parties to move for summary judgment on this claim only, should they choose. I deny Iovino's motion for sanctions.

**I. ANALYSIS**

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in the light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Fraudulent Misrepresentation

Iovino argues that the counterclaim fails to satisfy the reliance element of a common law fraudulent misrepresentation claim because none of the $475,000 SNIC paid under the policy was for lost earnings, and Iovino never submitted a claim for lost wages or loss of earning capacity. SNIC responds that it is not asserting a common law fraudulent misrepresentation claim. Rather, it seeks a declaration that Iovino's misrepresentations triggered the concealment, misrepresentation, or fraud endorsement in the insurance contract, and SNIC does not need to rely on the misrepresentation to void the policy.

The counterclaim alleges two communications in which Iovino represented that he suffered a loss of earnings. The first is a February 2020 exchange where Iovino's counsel represented to SNIC that "if we cannot settle the case now and have to proceed to litigate the damages, we will seek an expert evaluation for a loss of earning capacity claim," and "given [Iovino's] substantial income base, this part of his damages would be significant." ECF No. 108 at 28. The second communication was a March 2022 demand letter where Iovino references expert reports that describe "the loss of household services, reduction in value of life and Mr. Iovino's loss of earnings." *Id.* at 29. SNIC alleges that these communications were false because a review of Iovino's earnings in the years after the accident shows that his income increased over that time.

SNIC's counterclaim does not seek damages for the tort of fraudulent misrepresentation. Rather it seeks "a declaration that the CONCEALMENT, MISREPRESENATION OR FRAUD Endorsement applies to prevent or preclude further payment in connection with Iovino's uninsured motorist claim." *Id.* at 30. SNIC asks the court to interpret this term of its contract and determine whether Iovino's representations amounted to "concealment or misrepresentation of a

material fact" or "fraud" under the contract. *Id.* at 27. On its face, the counterclaim alleges plausible misrepresentations that were material to SNIC's valuation of Iovino's uninsured motorist claim. Iovino represented that he would hire an expert to calculate loss of earnings and later that an expert had outlined a loss of earnings. These alleged misrepresentations were material because they plausibly asserted that Iovino's claim was worth more than SNIC had believed. And these statements are plausibly false because SNIC alleges that Iovino's income increased in the years after the crash. I therefore deny Iovino's motion to dismiss the counterclaim for failing to assert a claim upon which relief can be granted.

### B. Iovino's Other Arguments

Iovino also argues that I should dismiss SNIC's counterclaim because it is barred by the doctrines of laches and unclean hands, and because the subject representations were not false. SNIC responds that it did not delay bringing the counterclaim, and that these arguments involve factual disputes not apparent on the face of the counterclaim.

Laches and unclean hands are both affirmative defenses that Iovino bears the burden of proving. *See Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1125-26 (9th Cir. 2006); *Metal Jeans, Inc. v. Metal Sport, Inc.*, 987 F.3d 1242, 1244-45 (9th Cir. 2021). "Ordinarily, affirmative defenses may not be raised on a motion to dismiss." *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019) (cleaned up). But I may "consider an affirmative defense on a motion to dismiss when there is some obvious bar to securing relief on the face of the complaint." *Id.* at 973 (quotation omitted).

Because it is not clear from the face of SNIC's counterclaim that laches or unclean hands bars the action, I deny Iovino's motion to dismiss based on those doctrines. I similarly decline to

4

decide whether the representations described in the counterclaim are false because doing so would require me to review material outside the pleadings.

Iovino's motion to dismiss raises factual issues. He states on page 14 of the motion, "since Discovery closes August 27, 2024, this motion should consider evidence outside of the pleadings and [be] treated as a motion for summery [sic] judgment. FRCP 12(d)." ECF No. 120 at 14. This is the only mention of summary judgment in Iovino's brief. SNIC asks that I allow it time to respond if I choose to treat the motion as one for summary judgment. The parties have since conducted additional discovery, including deposing SNIC's Rule 30(b)(6) witness. *See* ECF No. 155. The deadline for dispositive motions has passed without the parties addressing this counterclaim. *See* ECF No. 91 at 2. I will therefore allow either party to file a new dispositive motion on SNIC's counterclaim only, should they choose to do so.

**C.  Sanctions**

Iovino asks me to sanction SNIC under Rule 11 for filing a frivolous counterclaim. SNIC responds that it has pleaded a plausible claim on the merits and that Iovino has not complied with Rule 11(c)(2)'s mandatory safe-harbor provisions. In reply, Iovino argues that he has repeatedly asked SNIC to clarify its position regarding any misrepresentations, and SNIC refused to respond, raising the issue for the first time in the counterclaim.

"A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The movant must serve the motion, but cannot file the motion with the court if the challenged action is withdrawn or appropriately corrected within 21 days after service. *Id.* Rule 11's 21-day safe harbor period is mandatory. *Truesdale v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1151

(9th Cir. 2002). "This period is meant to give litigants an opportunity to remedy any alleged misconduct before sanctions are imposed." *Id.*

Iovino fails to show that he gave SNIC the required opportunity to respond. And because I decline to dismiss SNIC's counterclaim under Rule 12(b)(6), I do not find it frivolous. Thus, I deny Iovino's request for sanctions.[1]

## II. CONCLUSION

I THEREFORE ORDER that Carmen Iovino's motion to dismiss Security National Insurance Company's counterclaim **(ECF No. 120) is DENIED**.

I FURTHER ORDER that either party may file a dispositive motion on this counterclaim only by February 13, 2025. If any party moves for summary judgment on this counterclaim, the parties will follow the normal briefing schedule for summary judgment motions.

DATED this 30th day of January, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Iovino also failed to comply with Rule 11(c)(2)'s requirement that a motion for sanctions must be made separately from any other motion. He is advised that any future motions for sanctions must comply with this rule.

6