UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN IOVINO,<br><br>        Plaintiff<br><br>v.<br><br>AM TRUST FINANCIAL SERVICES, INC., et. al,<br><br>        Defendants | Case No.: 2:22-cv-01974-APG-NJK<br><br>**Order (1) Granting Iovino's Motion for Summary Judgment on Counterclaim, (2) Affirming Magistrate Judge's Order for Sanctions, and (3) Granting SNIC's Motion to Seal**<br><br>[ECF Nos. 201; 202; 204] |

Plaintiff Carmen Iovino was injured in a car crash while driving a company truck for his employer, TopNotch Services, Inc. The driver who caused the crash is unknown, so Iovino sought benefits under TopNotch's insurance policy with defendant Security National Insurance Company (SNIC) for underinsured/uninsured motorist (UIM) coverage. Iovino alleged that he sustained injuries well above the policy's $1 million limit but was paid less than half of the benefits that he claims are due. Iovino sued SNIC; its parent company, AmTrust Financial Services, Inc.; and its claim processor, AmTrust North America, for breach of contract, breach of the covenant of good faith and fair dealing, unfair trade practices, and fraud.

SNIC filed a counterclaim seeking a declaration that Iovino voided the policy by misrepresenting that he suffered lost earnings despite experiencing increased income after the crash. Iovino moves for summary judgment on this counterclaim, arguing that his representations were not false. Iovino also objects to Magistrate Judge Koppe's order on the amount of sanctions Iovino owes the defendants for discovery disputes. And SNIC moves to seal its response to Iovino's motion for summary judgment and attached exhibits.

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motions. I grant Iovino's motion for summary judgment on SNIC's counterclaim because no reasonable jury could find Iovino's statements about lost earnings and earning capacity were material misrepresentations. I deny Iovino's objection and affirm Magistrate Judge Koppe's award of sanctions. I grant SNIC's motion to seal.

**I. ANALYSIS**

**A. Summary Judgment**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

Iovino argues that there is no genuine dispute that the three statements SNIC points to as material misrepresentations are not false. SNIC responds that a jury could reasonably find

Iovino's statements about lost earning capacity and wages false because his income increased in the years after the crash.

The relevant endorsement in TopNotch's UIM policy states that SNIC "will not pay for any loss [] or damage in any case of . . . [c]oncealment or misrepresentation of a material fact . . . committed by an insured [] at any time and relating to a claim under this policy." ECF No. 205-9 at 13.  SNIC's counterclaim alleges that Iovino misrepresented that he experienced a loss of earnings or earning capacity in (1) Iovino's initial demand letter, (2) a phone call and email following a renewed demand for additional money, and (3) a renewed demand letter accompanying expert reports. ECF No. 108 at 27-29.

Iovino's initial demand letter included a list of his medical treatments and expenses followed by the assertion that, "[i]t is likely that Mr. Iovino will incur medical expenses in the future, as well as a loss of earning capacity and reduced work life expectancy." ECF No. 201-3 at 10.  Iovino demanded payment for the plan's policy limit. *Id.*  Iovino stated only that he would "likely" experience these losses, and Dr. Razsadin's attached permanent partial disability evaluation made such a representation reasonable. *Id.*  SNIC was also aware that TopNotch's workers' compensation insurer had already paid Iovino $2,550.45 for lost wages. ECF No. 201-11 at 2.  Although SNIC is correct that Iovino's income rose each year following his accident, Iovino's 35% permanent partial disability and actual lost wages support his assertion that further loss of earning capacity and reduced work life expectancy were likely.  Even viewing the facts in the light most favorable to SNIC, no reasonable jury could find that Iovino misrepresented a loss of earnings or earning capacity in his June 9, 2019 demand letter.

Iovino made a renewed demand to settle his claim for an additional $350,000 for pain and suffering or for arbitration in December 2019. ECF No. 201-8 at 2.  In a follow up phone call

memorialized by an email exchange,[1] SNIC's attorney requested documentation if Iovino was now claiming a loss of future earning capacity. ECF No. 201-9 at 2. Iovino's attorney responded, "if we cannot settle the case now and have to proceed to litigate the damages, we will seek an expert evaluation for a loss of earning capacity claim." *Id.* Iovino's attorney also stated that given Iovino's substantial income, a loss of even five years of earning capacity would be "significant." *Id.* On April 18, 2024, economist Christino Reyes produced an expert report asserting that Iovino sustained $3,514,066 in loss of earning capacity. ECF No. 201-14 at 2-3. Because Iovino enlisted an expert to show a loss of earning capacity after the claim proceeded to litigation, his attorney's representation that he would do so was true, not a misrepresentation.

On March 24, 2022, Iovino sent SNIC a renewed demand letter and two expert reports claiming, among other things, that "Dr. Smith has also found that Mr. Iovino's injuries have impacted his ability to be out in the field of his business and that he has experienced a loss of earnings due to his injuries." ECF No. 201-4 at 2-3. Dr. Smith's report indicates in its introduction that Iovino asked Dr. Smith to calculate loss of household services, reduction in value of life, and loss of earnings. ECF No. 201-5 at 2. But the report later clarifies that Dr. Smith had not calculated loss of earnings and he "will supplement [his] analysis with a loss of earnings if/when additional financial information becomes available." *Id.* at 8. Dr. Smith notes that Iovino's injuries "have impacted his ability to be out in the field for his businesses" resulting in him "being less productive and less effective." *Id.* Although Iovino's letter incorrectly states that his renewed claim includes a loss of earnings, Dr. Smith's report was attached to the letter clarifying the damages in Iovino's claim. *See* ECF No. 201-4 at 2. Iovino's line items in the

---

[1] SNIC does not argue that any representations made in the phone call were different than those in the follow-up email exchange.

demand match the calculations in Dr. Smith's report, which did not include loss of earnings. *See id.* at 3; ECF No. 201-5 at 19. When considered in the context of the attached expert report, no reasonable juror could conclude that Iovino misrepresented a loss of earnings claim in this demand letter, despite the inartful wording. And as discussed above, Iovino had actual lost wages and a partial disability finding to support a loss of earnings or earning capacity claim.

Because there is no genuine dispute of material fact supporting SNIC's claim that Iovino misrepresented his loss of earnings or earning capacity in any of his three demands, I grant summary judgment to Iovino on SNIC's counterclaim.

### B. Iovino's Objection to Magistrate Judge Koppe's Order

Magistrate Judge Koppe granted the defendants' motion for discovery-related sanctions, and I affirmed that order. ECF Nos. 190; 198. Iovino objects to Judge Koppe's order on the sanctions amount. ECF Nos. 199; 202. Iovino does not address the sanctions amount in his objection, instead arguing that Judge Koppe erred in granting sanctions at all. To the extent Iovino moves for Judge Koppe to reconsider her sanctions order, she has indicated that she is not inclined to do so. ECF No. 199 at 1-2 & n.1. I have reviewed the orders and the related papers. Judge Koppe's order is not "clearly erroneous or contrary to law." Local Rule IB 3-1(a). Consequently, I overrule Iovino's objection.

## II. CONCLUSION

I THEREFORE ORDER that counterdefendant Carmen Iovino's motion for summary judgement on Security National Insurance Company's counterclaim **(ECF No. 201) is GRANTED**.

I FURTHER ORDER that Carmen Iovino's objection **(ECF No. 202) is overruled** and Magistrate Judge Koppe's order **(ECF No. 199) is affirmed**.

I FURTHER ORDER that Security National Insurance Company's motion to seal **(ECF No. 204) is GRANTED**.

DATED this 24th day of March, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE